People v Cole (2020 NY Slip Op 02008)





People v Cole


2020 NY Slip Op 02008


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND BANNISTER, JJ.


341 KA 17-00346

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY COLE, DEFENDANT-APPELLANT. (APPEAL NO. 1.)






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Robert L. Bauer, A.J.), rendered February 3, 2017. The judgment convicted defendant upon a plea of guilty of driving while intoxicated, as a class D felony. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of driving while intoxicated (DWI) as a class D felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]). In appeal No. 2, defendant purports to appeal from a judgment revoking the sentence of probation previously imposed upon his conviction of DWI as a class E felony (§§ 1192 [3]; 1193 [1] [c] [i]) and imposing a sentence of incarceration upon his admission that he violated the terms and conditions of his probation.
With respect to appeal No. 1, defendant contends that his waiver of the right to appeal is invalid and that the sentence in that appeal is unduly harsh and severe. With respect to appeal No. 2, defendant concedes that the sentence in that appeal has been discharged. Inasmuch as defendant does not raise any contentions with respect to the judgment in appeal No. 2, we dismiss the appeal therefrom (see People v Bertollini [appeal No. 2], 141 AD3d 1163, 1164 [4th Dept 2016]).
In appeal No. 1, we agree with defendant that his waiver of the right to appeal is invalid. During the plea proceeding, County Court mischaracterized the waiver of the right to appeal, portraying it in effect as an "absolute bar" to the taking of an appeal (People v Thomas, — NY3d &mdash, &mdash, 2019 NY Slip Op 08545, *8 [2019]). Nonetheless, we conclude that the sentence is not unduly harsh or severe.
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court